**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WENDELL JERMAINE HOLLIS,

    Plaintiff,

                                                         Case No. 10-10729
v.                                                Hon. Lawrence P. Zatkoff

RICHARD A. BULLARD, Detroit
Police Officer; MATTHEW FULGENZI,
Detroit Police Officer, sued in their
individual capacities, and RALPH L.
GODBEE, Chief of Detroit Police
Department, sued in his official capacity,

    Defendants.
_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

This matter is before the Court on Defendant Ralph L. Godbee's ("Defendant") Motion for Reconsideration [dkt 79] of the Court's March 17, 2011, order denying Defendant's Motion to Strike Plaintiff's Discovery Requests [dkt 71]. Pursuant to E.D. Mich. L.R. 7.1(h)(2), no response is permitted. The Court finds that the facts and legal arguments are adequately presented in Defendant's motion and brief such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Defendant's motion for reconsideration is DENIED.

Local Rule 7.1(h) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the

parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F.Supp. 2d 609, 618 (E.D. Mich. 2008).

Defendant challenges the Court's March 17, 2011, order in which the Court declined to grant Defendant's motion that sought to strike Plaintiff's discovery requests that were sent by electronic means. In its March 17, 2011, order, the Court declined to strike Plaintiff's discovery requests because: (1) Defendant's motion to strike had not compiled with E.D. Mich. L. R. 7.1(a), which Defendant's counsel also failed to follow in a prior motion, and the Court warned the parties of this failure in its February 25, 2011, order; (2) Defendant's motion to strike lacked specificity; (3) Defendant's brief that accompanied his motion failed to follow E.D. L.R. 7.1(d)(2)[1]; and (4) Defendant's motion to strike was untimely, to the extent that it was an attempt to circumvent the response time lines that applied to Plaintiff's fourth motion to compel the discovery requests at issue. Defendant now asserts that the Court's rationale suffered from a palpable defect because the Court decided Defendant's motion to strike without considering Defendant's reply brief since the Court's order was entered on the docket before Defendant's reply brief. Defendant contends that had the Court reviewed his reply brief, it would have been aware that Plaintiff's prior discovery requests were served by electronic means and by mail, as opposed to the discovery requests Defendant seeks to strike, which were only served by electronic means.

The Court agrees with Defendant to the extent that he asserts that the parties' unwillingness

---

[1] E.D. Mich. L.R. 7.1(d)(2) requires a brief to "contain a concise statement of the issues presented and, on the following page, the controlling or most appropriate authority for the relief sought."

2

to work together has caused "unnecessary motion practice." However, Defendant's motion for reconsideration fails to state a palpable defect by which the Court has been misled. Rather, Defendant's motion presents issues that the Court has already ruled upon. S*ee* E.D. Mich. L.R. 7.1(h)(3). Further, the instant motion indicates only Defendant's disagreement with the Court's ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No. 2:06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008).

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for reconsideration [dkt 79] is DENIED.

IT IS SO ORDERED.

                                                  s/Lawrence P. Zatkoff
                                                  LAWRENCE P. ZATKOFF
                                                  UNITED STATES DISTRICT JUDGE

Dated: April 13, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on April 13, 2011.

                                                  s/Marie E. Verlinde
                                                  Case Manager
                                                  (810) 984-3290