UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL JERMAINE HOLLIS,

       Plaintiff,

v.                                                      Case No. 10-10729
                                                    Hon. Lawrence P. Zatkoff

RICHARD A. BULLARD, MATTHEW
FULGENZI, and RAPLH L. GODBEE,

       Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on November 1, 2011

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Summary Judgment as to Liability Against Defendant Matthew Fulgenzi and An Order Requiring Defendant Ralph Godbee, Jr. to Return Plaintiff's Property [dkt 97]. The Motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1 (f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without oral argument. For the following reasons, Plaintiff's Motion for Summary Judgment is DENIED.

**II. BACKGROUND**

**A. FACTUAL HISTORY**

On September 7, 2009, Defendant officers Matthew Fulgenzi ("Fulgenzi") and Richard

Bullard ("Bullard") responded to a dispatch call to investigate a man wanted for an armed robbery. Once at the location, the officers saw Wendell Jermaine Hollis ("Plaintiff"), who allegedly fit the description of the person described in the dispatch call. According to Defendants, the officers approached Plaintiff requesting identification. Plaintiff responded with vulgarities and pushed the officers. The officers then subdued and arrested Plaintiff. During the incident, Plaintiff was carrying a Ruger SR9 pistol, for which he had a valid concealed pistol license. The parties dispute whether Plaintiff timely notified the officers that he was carrying the concealed pistol prior to contact with the officers. Plaintiff contends that he told them before coming in contact with Defendants. To the contrary, Defendants assert that Plaintiff did not inform them until after he was subdued.

Plaintiff was charged with attempted assault and battery of Fulgenzi in violation of Mich. Comp. Laws § 750.81d(1).[1] Plaintiff was also charged with a concealed pistol violation for failing to inform the officers of his pistol when they approached.[2] According to the Detroit Police Department Arrest Report ("police report"), the officers confiscated Plaintiff's concealed pistol license, a Ruger SR9 with Serial No. 330-27632, a black holster, a firearm clip, and 18 live rounds

---

[1] Michigan's attempt statute provides:

> Any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same . . . [shall be guilty of attempting to commit the offense].

Mich. Comp. Laws § 750.92(1)–(3).

[2] With respect to the concealed pistol violation charge, Mich. Comp. Laws § 28.425f(3) requires "an individual licensed . . . to carry a concealed pistol and who is stopped by a peace officer shall immediately disclose to the peace officer that he or she is carrying a pistol concealed upon his or her person."

of ammunition. Plaintiff was transported to the precinct and confined for three and a half days before being released.

Two trials arose from the incident. With respect to the concealed pistol license violation, an individual receives a state civil infraction and may be fined if found responsible. *See* Mich. Comp. Laws § 28.425f(5). Based on the "Register of Actions" in the civil case, the City of Detroit brought the charges against Plaintiff and assessed a fine payable to the City of Detroit of $470. The civil case was first scheduled for an informal hearing, however, Plaintiff sought legal representation and requested a formal civil hearing. On November 25, 2009, Plaintiff appeared for the formal civil hearing before the Michigan 36th District Court on the violation of failure to inform the officers that he was carrying a pistol. The state court district judge presiding over the matter dismissed the charge and fines against Plaintiff, finding Plaintiff not responsible after reviewing the testimony taken at the formal civil hearing.

On January 26, 2010, Plaintiff next appeared for a criminal trial before Michigan 36th District Court on the charge of attempted assault and battery as to Fulgenzi. According to the Order of Dismissal, the prosecutor moved for dismissal of the charges because the complaining witness (Fulgenzi) "refus[ed] to prosecute." The district judge granted the dismissal and ordered the case dismissed with prejudice.

### B. PROCEDURAL HISTORY

On February 22, 2010, Plaintiff filed this case, claiming that he "was falsely arrested and falsely charged with two misdemeanor violations of the law and maliciously prosecuted as to these two false charges." On November 24, 2010, Plaintiff's case was reassigned from District Judge John Feikens to District Judge Lawrence P. Zatkoff. Since Plaintiff first filed his Complaint,

the Complaint has been amended twice. Plaintiff's second-amended Complaint alleges the following counts:

> Count I—False Arrest in violation of the Fourth Amendment
>
> Count II—False Imprisonment in violation of the Fourth Amendment
>
> Count III—Malicious Prosecution in violation of the Constitution
>
> Count IV—Civil Conspiracy in violation of the Constitution
>
> Count V—General Violation of the Fourth Amendment
>
> Count VI—State Law Replevin

On December 20, 2010, the Court dismissed Plaintiff's state-law claim (Count VI). Plaintiff has filed the instant Motion for Summary Judgment seeking judgment against Fulgenzi and requesting an order to require Defendant Ralph Godbee, Jr. ("Godbee"), City of Detroit Chief of Police, to return Plaintiff's pistol and related materials that were confiscated.

### III. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("[T]he plain language of Rule 56[] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or;

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex*, 477 U.S. at 323. The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### IV. ANALYSIS

Plaintiff primarily asserts that he is entitled to summary judgment against Fulgenzi because Fulgenzi lacked probable cause to arrest him. Plaintiff fails to clearly delineate to the Court why summary judgment should be granted with respect to each of his counts. It appears, despite such unclarity, Plaintiff is arguing that Fulgenzi's alleged lack of probable cause entitles Plaintiff to summary judgment on Counts I (false arrest), II (false imprisonment), and III (malicious

prosecution). Plaintiff also seeks summary judgment on a claim of fabrication of evidence. In reviewing Plaintiff's Motion and briefs, the Court finds no argument with respect to Count IV (civil conspiracy), and thus, the Court will not address it.

### A. FALSE ARREST AND IMPRISONMENT (COUNTS I AND II)

To establish a constitutional claim of false arrest under the Fourth Amendment, a plaintiff must show that no probable cause existed for the arrest. *Voyticky v. Village of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005); *Stemler v. City of Florence*, 126 F.3d 856, 871 (6th Cir. 1997). A plaintiff must also show that no probable cause existed to support a claim of false imprisonment. *See Carr v. Nat'l Disc. Corp.*, 172 F.2d 899, 902 (6th Cir. 1949) ("The gist of [a false imprisonment claim] is an unlawful detention, and, that being shown, the burden is on the defendant to establish probable cause for the arrest."). Probable cause exists if, when considering the totality of the circumstances at the time, the arresting officer had knowledge of sufficient "facts and circumstances . . . to warrant a prudent person . . . in believing . . . that the suspect has committed . . . an offense." *Crockett v. Cumberland Coll.*, 316 F.3d 571, 580 (6th Cir. 2003) (citation omitted); *see Sykes v. Anderson*, 625 F.3d 294, 306 (6th Cir. 2010).

Plaintiff argues that (1) even assuming Plaintiff made verbal comments to the officers as they approached him, such comments would not justify an arrest; (2) Fulgenzi has conceded that he lacked probable cause to arrest Plaintiff when Fulgenzi declined to testify at the criminal trial of the attempted assault and battery charge; and (3) the state court district judge's finding that Defendants lacked probable cause to arrest and charge Plaintiff with the concealed weapons ordinance violation is binding on this Court.

In this case, the Court finds that Plaintiff has failed to demonstrate the absence of a genuine

dispute as to whether Fulgenzi had probable cause to arrest Plaintiff. Plaintiff was charged with attempted assault and battery of Fulgenzi under Mich. Comp. Laws § 750.81d(1). According to Mich. Comp. Laws § 750.81d(1), an individual is guilty of this crime if "an individual who assaults, batters, . . . obstructs, opposes, or endangers a person who the individual knows or has reason to know is performing his or her duties." In reviewing the minimal evidence produced by Plaintiff in support of the instant Motion, while Plaintiff asserts that his verbal comments to the officers at the scene are insufficient to create probable cause, the police report also indicates that Plaintiff shoved Fulgenzi. Thus, a reasonable jury could find that a prudent person, having knowledge of Plaintiff's verbal comments and being shoved by Plaintiff, would believe that Plaintiff attempted to assault and batter Fulgenzi while Plaintiff had reason to know that Fulgenzi was performing his duties as a police officer.

Plaintiff's allegation that Fulgenzi declined to testify at the criminal trial set for Plaintiff's attempted assault and battery charge is unsupported by the record. The only evidence Plaintiff has submitted to the Court regarding Plaintiff's criminal trial is the Order of Dismissal. There is no indication on the Order of Dismissal that probable cause was lacking or that Fulgenzi declined to testify. Rather, the order indicates that the prosecutor moved for dismissal on two grounds. The first ground is shown by an "X" placed in a checkbox corresponding to the phrase "Complaining witness refuses to prosecute." The second ground is shown by an "X" placed next to a handwritten note, stating that there was misunderstanding between the police officer and Plaintiff—no specific police officer is identified—and Plaintiff apologized to the police officer. Drawing all inferences in favor of Fulgenzi, a reasonable jury could conclude after reviewing the Order of Dismissal that, at the prosecutor's discretion, the case was dismissed.

As to Plaintiff's assertion that the Michigan state court district judge's finding that no probable cause existed is binding on the Court, the Court rejects Plaintiff's assertion. Plaintiff has submitted only three pages of the November 25, 2009, formal civil hearing transcript to the Court. In reviewing the trial transcript, it appears from the district judge's conclusion that several witnesses, including Fulgenzi, testified at the trial. The district judge then concluded that Plaintiff was not responsible for violating the concealed weapons ordinance and the case was dismissed. The Court, however, is unable to review any testimony by the witnesses because the pages provided to the Court only include the district judge's conclusion. Plaintiff's assertion that the state "court found that Defendant Fulgenzi lacked probable cause to arrest Plaintiff" is wholly misleading, false, and unsupported by the mere three pages of the trial transcript Plaintiff has submitted to the Court. The trial transcript is absent any indication that the district judge analyzed whether Fulgenzi had probable cause to arrest Plaintiff. Plaintiff also makes another passing reference to the evidence heard by the state district court, yet fails to provide this Court with any pages of the trial transcript regarding such evidence. Therefore, based on the partial trial transcript submitted to and reviewed by the Court, the state court district judge's holding is not binding on this Court.

As such, whether probable cause existed to arrest Plaintiff on either charge is a question of fact for the jury. *See Parsons v. City of Pontiac*, 533 F.3d 492, 501 (6th Cir. 2008) ("The existence of probable cause in a § 1983 action presents a jury question, unless there is only one reasonable determination possible."). Accordingly, for the reasons stated above, the Court denies granting Plaintiff summary judgment on Counts I and II as to Fulgenzi.

### B. MALICIOUS PROSECUTION (COUNT III)

To sustain a malicious prosecution claim, a plaintiff must show that (1) a defendant officer

"made, influenced, or participated" in the decision to prosecute the plaintiff; (2) probable cause did not exist for the criminal prosecution; (3) the plaintiff suffered a "deprivation of liberty" under the Fourth Amendment that is distinct from the plaintiff's initial seizure; and (4) the criminal prosecution was terminated in the plaintiff's favor. *Sykes*, 625 F.3d at 308–09 (citations omitted). In this context, "participated" means that the officer "aids in the decision [to prosecute], as opposed to passively or neutrally participating. *Id.* at 308 n.5.

Plaintiff contends that each element can be shown with respect to Fulgenzi. Specifically, Plaintiff argues that Defendants lacked probable cause to arrest and prosecute him, and Fulgenzi, as the complaining witness, participated in the decision to prosecute Plaintiff. The Court finds, however, that Plaintiff has failed to produce sufficient evidence that Fulgenzi "made, influenced, or participated" in the decision to prosecute Plaintiff. Plaintiff only points to Fulgenzi's action in creating the police report. Such conduct does not rise to the level of participation as set forth in *Sykes*. Other than Fulgenzi presumably providing his police report to the prosecutor and being identified as the complaining witness, Plaintiff produces no evidence that Fulgenzi actually conferred with the prosecutor in deciding to prosecute Plaintiff. *See Sykes*, 625 F.3d at 308–09 (holding that passively or neutrally participating does not establish that the officer aided in the decision to prosecute a plaintiff); *see also McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir. 2005) (holding that the plaintiff's malicious prosecution claim failed when the plaintiff "present[ed] no evidence suggesting that defendants conspired with, influenced, or even participated in, [the prosecutor's] decision to bring charges against [the plaintiff]"). In contrast, the Order of Dismissal entered by the state court district judge in Plaintiff's criminal trial indicates that the prosecutor moved for dismissal of the case because the complaining witness refused to prosecute.

9

Thus, viewing the facts in a light most favorable to Fulgenzi, the Court finds that Plaintiff has not produced sufficient evidence in his Motion to show that a reasonably jury would find a constitutional violation for malicious prosecution. Plaintiff therefore is denied summary judgment with respect to his malicious prosecution claim (Count III)**.**

## C. FABRICATION OF EVIDENCE

The Court first notes that Plaintiff's second-amended Complaint fails to expressly allege a separate count against Defendants for fabrication of evidence. Plaintiff, however, does allege in several paragraphs throughout his second-amended Complaint that Fulgenzi's factual claims in the police report were lies. Thus, to the extent that Plaintiff asserts a claim of fabrication of evidence against Defendants, the Court reviews Plaintiff's arguments set forth in the instant Motion.

A claim of fabrication of evidence arises when "evidence is knowingly fabricated and a reasonable likelihood exists that the false evidence would have effected the decision of a jury." *Gregory v. City of Louisville*, 444 F.3d 725, 737, 738 (6th Cir. 2006) (citation omitted). In establishing such a claim, the plaintiff must prove that (1) a fabrication of evidence occurred prior to trial and (2) the defendant was aware of the fabrication. *Id.*

Plaintiff maintains that he is entitled to summary judgment against Fulgenzi on this claim because: (a) Fulgenzi fabricated the evidence regarding Plaintiff's failure to timely inform Fulgenzi that Plaintiff was in possession of a concealed pistol; and (b) Fulgenzi fabricated the evidence regarding Plaintiff's attempted assault and battery of him. Plaintiff asserts that these fabrications appear in the written police report and occurred when Fulgenzi testified at the formal civil hearing about Plaintiff's alleged violation of the concealed weapons ordinance.

After reviewing Plaintiff's arguments and the evidence submitted in support of such

arguments, the Court finds that Plaintiff fails to show that no genuine dispute of fact exists as to (1) whether evidence was fabricated prior to trial and (2) whether Fulgenzi was aware that he fabricated evidence. The Court acknowledges that the written police report was created prior to Plaintiff's criminal trial. Plaintiff, however, provides no evidence that the information in the police report was fabricated.

As to the alleged fabrication of Plaintiff's untimely notification of his concealed pistol, the trial transcript pages of the formal civil hearing indicate that the district judge believed Fulgenzi's testimony regarding the events during Plaintiff's arrest was not "incorrect." Because all inferences must be made in favor of Defendants, the trial transcript does not show that evidence was fabricated at trial or in the written police report. Plaintiff has not even provided the Court with the portions of the transcript where Fulgenzi testified. The evidence also fails to show that Fulgenzi was aware that he fabricated evidence. Thus, with respect to Fulgenzi's alleged fabrication regarding Plaintiff's untimely notification, Plaintiff is denied summary judgment.

As to the alleged fabrication that Plaintiff attempted to assault and batter Fulgenzi, again, the minimal evidence that Plaintiff has submitted to the Court fails to meet Plaintiff's burden to demonstrate the absence of any genuine dispute as to a material fact. The only evidence Plaintiff has to rely on is the Order of Dismissal in the criminal trial on Plaintiff's attempted assault and battery charge, which states that the prosecutor moved for dismissal due to the complaining witness's (Fulgenzi) refusal to prosecute. This is insufficient evidence for a reasonable jury to conclude that (1) evidence was fabricated and (2) Fulgenzi was aware of the fabrication. Thus, with respect to Fulgenzi's alleged fabrication regarding Plaintiff's attempted assault and battery of

11

Fulgenzi, Plaintiff is denied summary judgment.[3]

### D. REQUEST FOR INJUNCTIVE RELIEF

Plaintiff also seeks return of the property which Defendants confiscated at the time of Plaintiff's arrest. According to the police report, such property includes Plaintiff's concealed pistol license, a Ruger SR9 with Serial No. 330-27632, a black holster, a firearm clip, and 18 live rounds of ammunition. Plaintiff asserts that because all legal proceedings have been rendered in favor of Plaintiff, Defendants have no legal basis to retain possession of Plaintiff's property. In response, Defendants have submitted to the Court a letter dated March 9, 2011. The letter is addressed to Plaintiff's counsel, and states in relevant part:

> In regard to your inquiry about the return of your client's weapon, please be advised that you should contact Lieutenant Rodney Cox of the Detroit Police Department's Southwestern District to obtain a property release form and instructions on how to complete and submit that form. The direct telephone number of Lieutenant Cox is: (313) 596-5336.

Defendants also state that this Motion was not necessary to seek the return of Plaintiff's property as a phone call would have been sufficient.

The Court finds that Plaintiff is likely entitled to the return of his property, which Defendants

---

[3] Plaintiff makes an argument in his reply to Defendants' response brief that is relevant to all of Plaintiff's claims for summary judgment. Plaintiff asserts that Defendants failed to properly cite any evidence to the Court to refute Plaintiff's Motion, and thus, Plaintiff's Motion should be granted. The Court finds Plaintiff's argument unpersuasive with respect to all of his claims. While Defendants' response is largely based on allegations with only minimal cites to the record, according to Fed. R. Civ. P. 56(e)(2) "an opposing party may not rely merely on allegations or denials in its own pleading" "[w]hen a motion for summary judgment is *properly made and supported*." (emphasis added). For the reasons identified by the Court in this Opinion and Order, the Court does not find that Plaintiff's Motion was *properly supported*. Thus, the Court declines to grant summary judgment in favor of Plaintiff due to Defendants' minimal presentation of evidence to refute Plaintiff's Motion.

appear to not dispute. Plaintiff, however, does not refute that he received the March 9, 2011, letter. The letter informed Plaintiff months ago on the proper procedure to obtain his property. Plaintiff also provides no evidence that he contacted Lieutenant Rodney Cox as directed in the letter and was still unable to regain possession of his property. Thus, in light of the March 9, 2011, letter stating the procedure for Plaintiff to follow and Defendants' apparent concession that they will return Plaintiff's property, before the Court orders any injunctive relief, Plaintiff should follow the procedures as set forth in the March 9, 2011, letter. As such, Plaintiff's request for issuance of an injunction against Godbee for the return of Plaintiff's property is denied at this time.

## V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment [dkt 97] is DENIED.

IT IS SO ORDERED.

            S/Lawrence P. Zatkoff
            LAWRENCE P. ZATKOFF
            UNITED STATES DISTRICT JUDGE

Dated: November 1, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on November 1, 2011.

            S/Marie E. Verlinde
            Case Manager
            (810) 984-3290